UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00497-JLS (DFMx)                                Date:  May 29, 2015
Title:  Mary Attalla v. Equinox Holdings, Inc., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                                   N/A
    Deputy Clerk                                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                                Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER STRIKING PLAINTIFF'S MOTION FOR REMAND (Doc. 11) FOR FAILURE TO COMPLY WITH LOCAL RULE 7-3**

     Before the Court is Plaintiff Mary Attalla's Motion for Remand.  (Mot., Doc. 11.) Defendant Equinox Holdings, Inc. filed an Opposition, and Plaintiff did not reply. (Opp'n, Doc. 12.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  For the following reasons, the Court VACATES the hearing set for June 5, 2015, at 2:30 p.m., and STRIKES Plaintiff's Motion.

     After reviewing the papers, the Court finds that the Motion fails to comply with Local Rule 7-3, which states that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  C.D. Cal. R. 7-3.  This Rule also requires counsel to include in all motions a statement indicating the date on which this conference took place.  Id.  Plaintiff, however, has failed to provide the Court with a statement or other evidence indicating that Plaintiff's counsel attempted to meet and confer prior to filing the Motion.  (Mot.; *see also* Opp'n at 2 ("Plaintiff's counsel did not meet and confer with counsel for Equinox prior to filing Plaintiff's Motion.").) Accordingly, the Motion fails to comply with Local Rule 7-3.

     The purpose of Local Rule 7-3 is to eliminate, or narrow the scope of, the motion and avoid unnecessary expense of the Court's time and resources.  A district court has the discretion to strike a motion that fails to comply with the local rules.  *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  SACV 15-00497-JLS (DFMx) | Date:  May 29, 2015 |
| Title:  Mary Attalla v. Equinox Holdings, Inc., et al. | |

latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

     Accordingly, because the Court finds that counsel failed to comply with Local Rule 7-3, Plaintiff's Motion is STRICKEN.

                                             Initials of Preparer:  tg